### CONSOLIDATED FASTENER CO. v. TOPPEN et al.

(Circuit Court, S. D. New York. December 24, 1901.)

PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

Where infringement is clearly shown, so as to entitle complainant to a preliminary injunction, and the infringing article is manufactured abroad and imported into this country, complainant has the right to the issuance of the injunction, and to use or publish it for legitimate purposes, notwithstanding the promise of defendant not to purchase or use any more of the articles.

In Equity. Suit for infringement of patent. On motion for preliminary injunction.

John R. Bennett, for the motion.
Stephen J. Coxe, opposed.

LACOMBE, Circuit Judge. Construing the patent as it has been construed in the former opinions of circuit court and circuit court of appeals, infringement seems quite clear. Were the manufacturer in this country, there might be more force in defendants' suggestion, that their promise not to purchase or use any more infringing articles be accepted as sufficient. As it is, however, complainant has made out a case for the relief now prayed, and, if defendants do not intend to import any more of this form of fastener, the latter will not be injured in any way by granting it. This, of course, is on the assumption that complainant is applying in good faith, and with no intention of using this decision improperly.

The motion for preliminary injunction is granted, with leave to defendants to move to set it aside should this decision be advertised or published by complainant, or any one in its behalf or in its interest, without such a statement as will clearly show that such decision affects only the particular device now before the court, and not the one set out in United States letters patent No. 662,844, of November 27, 1900.